UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—–––––––– ––––––––––––––––––––––––––––––––––––––– x

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | : | [ECF CASE] |
| OPPORTUNITY COMMISSION, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 04 CV 6098 (CBM)(DFE) |
| v. | : | |
| | : | |
| STANDARD & POOR'S, a division of | : | |
| THE MCGRAW-HILL COMPANIES, INC. | : | COMPLAINT AND |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |
| | : | |

------------------------------------------------------------ x

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII")

and Title I of the Civil Rights Act of 1991 to correct unlawful discrimination sexual harassment,

and to make whole the Charging Party "Jane Doe" (hereinafter referenced as "Charging Party"),

who was adversely affected by such unlawful practices of Standard and Poor's (hereinafter

referenced as "Defendant").  The Equal Employment Opportunity Commission (hereinafter

referenced as "the EEOC" or "the Commission") alleges that Defendant subjected Charging Party

to discrimination and retaliated against her through the actions of its manager, Matthew Beriloff,

who engaged in egregious physical sexual harassment of Charging Party.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and

        1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.    The unlawful employment practices alleged below were committed within the jurisdiction

of the United States District Court for the Southern District of New York.

PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission, is an agency of the United

States of America charged with the administration, interpretation, and enforcement of

Title VII, and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C.

§2000e-5(f)(1).

4.    At all relevant times,  Defendant has continuously been incorporated under the laws of

New York, is now doing business in New York, and has continuously had at least fifteen

employees.

5.    At all relevant times,  Defendant has continuously been an employer engaged in an

industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title

VII, U.S.C. §2000e-1(b), (g), and (h).

STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Charging Party,  an employee

of Defendant, filed charges of discrimination with the Commission alleging violations of

Title VII by Defendant. All conditions precedent to the institution of this lawsuit have

been fulfilled.

2

7.    Since at least Spring of 1999, Defendant, through Matthew Beriloff, Defendant's

supervisor, has engaged in unlawful employment practices in violation of Section

703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3.   The practices include

numerous occasions of quid pro quo and hostile environment sexual harassment by

supervisor Matthew Beriloff toward Charging Party.  Additionally, supervisor Matthew

Beriloff retaliated against Charging Party by negatively influencing her performance

evaluations and job status under threat of termination.

8.    The effect of the practices complained of has been to deprive Charging Party of equal

employment opportunities, and otherwise adversely affect her status as an employee.

9.    Charging Party suffered physical and emotional pain, including but not limited to mental

anguish, humiliation, embarrassment, inconvenience, and loss of enjoyment of life as the

result of the unlawful employment practices complained of in paragraph seven (¶ 7).

10.   The unlawful employment practices complained of in paragraphs seven through nine (¶¶

7- 9) were intentional.

11.   The unlawful employment practices complained of in  paragraphs seven through nine (¶¶

7- 9) were done with malice and/or reckless indifference to the federally protected rights

of Charging Party.


PRAYER FOR RELIEF

Wherefore the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all

persons in active concert or participation with it, from engaging in sexual harassment or

3

retaliation;

B.    Order Defendant to carry out policies, practices and programs which provide equal employment opportunities for all employees, including the implementation of a anti-discrimination policy and complaint mechanism to investigate and correct valid complaints of sexual harassment and which eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to make whole Charging Party, who was adversely affected by the unlawful employment practices described above, by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.    Order Defendant to make whole Charging Party, who was adversely affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses;

E.    Order Defendant to make whole Charging Party, who was adversely affected by the unlawful employment practices described above, by providing compensation for non-pecuniary losses, including pain and suffering and humiliation in amounts to be determined at trial.

F.    Order Defendant to pay Charging Party, who was adversely affected by the unlawful employment practices described above, punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper.

H.    Award the Commission its costs in this action.

4

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Dated: August 6, 2004
        New York, New York

                                        Respectfully submitted,


                                        Eric S. Dreiband
                                        General Counsel

                                        James L. Lee
                                        Deputy General Counsel

                                        Gwendolyn Y. Reams
                                        Associate General Counsel
                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                        1801 "L" Street, N.W.
                                        Washington D.C. 20507


                                        _____
                                        Katherine Bissell  (KB1831)
                                        Regional Attorney


                                        _____
                                        Elizabeth Grossman (EG 2478)
                                        Supervisory Trial Attorney


_____
                                        Michele J. Le Moal-Gray (ML 8541)
                                        Trial Attorney
                                        New York District Office
                                        33 Whitehall St., 5th floor
                                        New York, N.Y.  10004-2112
                                        (212) 336-3700
                                        (212) 336-3623 (facsimile)

5